**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EQUITY SALES FINANCE, INC.

     *Plaintiff,*                        Civil Action No.

     v.                               JURY TRIAL DEMANDED

DAVID S. GLANZBERG; ROBERT M.
TOBIA, SR.; GALLANT LAW GROUP,
P.C., f/k/a Valiant Law Group, P.C.; and
CENTER POINTE LAW, P.C.;

     *Defendants.*

## COMPLAINT

     Plaintiff, Equity Sales Finance, Inc. ("ESF"), by and through its undersigned counsel, files the following Complaint, and in support thereof avers as follows:

### PARTIES

     1.     ESF is a Delaware corporation with a principal place of business at 6900 Wedgwood Road North, Suite 150, Maple Grove, Minnesota.

     2.     Gallant Law Group, P.C., formerly known as Valiant Law Group, P.C., is a domestic business corporation operating as a law firm with a registered business address at 123 South Broad Street, Suite 1640, Philadelphia, Pennsylvania.

     3.     Center Pointe Law, P.C. is a domestic business corporation operating as a law firm with a registered business address at 123 South Broad Street, Suite 1640, Philadelphia, Pennsylvania.

     4.     Robert M. Tobia, Sr. is an individual with a last-known address at 5 Old Oaks Road, Bryn Mawr, Pennsylvania.  Tobia was admitted to practice law in the Commonwealth of Pennsylvania on December 15, 1988.  Upon information and belief, Tobia is the Vice President of both Gallant Law Group and Center Pointe Law.

5.    David S. Glanzberg is an individual with a last-known address at 1500 Locust Street, Apartment 2513, Philadelphia, Pennsylvania.  Glanzberg was admitted to practice law in the Commonwealth of Pennsylvania on December 8, 1987.  Upon information and belief, Glanzberg is the President of both Gallant Law Group and Center Pointe Law.

6.    Upon information and belief, Tobia and Glanzberg are currently Partners at the law firm Glanzberg Tobia Law, P.C., a criminal defense firm with a principal business address at 123 South Broad Street, Suite 1640, Philadelphia, Pennsylvania—the same address registered to Defendants Gallant Law Group and Center Pointe Law, which are also owned and operated by Defendants Tobia and Glanzberg.

7.    Upon information and belief, Defendants Tobia and Glanzberg have been business partners for over three decades, representing clients with debt issues under various firm names.  Those names include:

a.    "Glanzberg, Tobia and Rivera" registered in April 1992 at 1617 John F Kennedy Boulevard, Suite 19, Philadelphia, Pennsylvania;

b.    "Glanzberg, Tobia and Rivera, P.C." registered in September 1992 at 1617 JFK Boulevard, Suite 19**01**, Philadelphia, Pennsylvania

c.    "Glanzberg Tobia and Associates, P.C." registered in May 1995 at 5 Old Oaks Road, Rosemont, Pennsylvania;

d.    "Glanzberg Tobia Law, P.C." registered in June 2018 at **123 South Broad Street**, Suite 1640, Philadelphia, Pennsylvania;

e.    "Valiant Law Group" registered in May 2022 at **123 South Broad Street**, Suite 1640, Philadelphia, Pennsylvania, which was renamed to "Gallant Law Group" in September of that year (A true and correct copy of Valiant Law Group's Articles of Amendment filed with the Pennsylvania Department of State is attached hereto as **Exhibit A**);

2

    **f.**  "Center Pointe Law, P.C." which was registered in December 2022 at **123 South Broad Street**, Suite 1640, Philadelphia, Pennsylvania;

    **g.**  "Debt Defense," which was registered in March 2023 at **123 South Broad Street**, Suite 1640 Philadelphia, Pennsylvania;

    **h.**  "Silver Oak Law Group, PC" which was registered in August 2023 at **123 South Broad Street**, Suite 1640, Philadelphia, Pennsylvania;

    **i.**  and "Creditor Law Group, PC" which was registered in December 2023 at 1515 Market Street, Suite 1200, Philadelphia, Pennsylvania.

8.    As of the date of this Complaint, Defendant Tobia has been subject to two (2) Orders of Public Reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania.

9.    In May 2022, Defendant Tobia was reprimanded for, among other Rule violations, transferring IOLTA funds to his firm's business account to make payroll.  A true and correct copy of the 2022 Public Reprimand is attached hereto as **Exhibit B.**

10.    In January 2026, Defendant Tobia was reprimanded for, among other violations, failing to properly oversee non-lawyer staff.  A true and correct copy of the 2026 Public Reprimand with Petition in Support of Discipline attached thereto, is attached hereto as **Exhibit C.**  In its Petition in Support of Discipline, the Office of Disciplinary Counsel reported that it had "received numerous consumer complaints about [Tobia's] failure to provide promised debt relief services."  (*Id.* at ¶ 10).  The Office of Disciplinary Counsel further noted that Defendant Tobia "represented he was in the process of unwinding his involvement in the debt dispute matters and debt relief work and has provided full refunds to any client who complained about the legal services he or she received."  (*Id.* at ¶15).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1332 because: (1) there is complete diversity between ESF and the Defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.  Diversity of citizenship exists because ESF is a citizen of Minnesota and each of the Defendants are citizens of Pennsylvania.

12.     This Court has personal jurisdiction over each of the Defendants because they are residents of Pennsylvania and reside within this district.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to ESF's claims occurred in Pennsylvania.

## GENERAL ALLEGATIONS

14.     ESF is an indirect consumer finance lender that provides its customers with closed-end finance services.

15.     As an indirect lender, ESF does not initially deal directly with consumers.  Rather, ESF's customers, referred to as "Merchants," contract with ESF to allow their own Customers the opportunity to finance their purchases from the Merchant.  The agreement between ESF and its Merchant is called a Master Merchant Agreement ("MMA").

16.     With ESF's financial backing, Merchants can enter into financing arrangements with their Customers while still receiving the full amount of the purchase at the time of sale.

17.     After a Merchant agrees to let the Customer finance their purchase, the Customer and the Merchant enter into a closed-end Retail Installment Contract ("RISC"), pursuant to which the Customer agrees to make monthly installment payments to the Merchant for a specified period of time at an agreed-upon interest rate.

18.     Generally, the MMA allows ESF the right to buy its Merchant's rights and obligations for each RISC dependent upon ESF's financing or credit programs.

19.     In the event that a Customer defaults on their RISC payment obligations to the Merchant, the debt liability to ESF reverts back to the Merchant pursuant to the full-recourse MMA.  In other words, the Customer is responsible for making payments to ESF for the Merchant's services, but if payments are missed by the Customer, then the Merchant is responsible for settling the debt with ESF.

20.     On August 16, 2022, ESF entered into an MMA with Defendant Gallant Law Group, which was called "Valiant Law Group" at the time.  A true and correct copy of the 2022 MMA is attached hereto as **Exhibit D**.

21.     Defendant Glanzberg signed the 2022 MMA on behalf of Valiant Law Group as its President. (*Id.*).

22.     In connection with the 2022 MMA, Defendants Glanzberg and Tobia entered into Personal Guaranty agreements.  A true and correct copy of the 2022 Glanzberg Guaranty is attached hereto as **Exhibit E**.  A true and correct copy of the 2022 Tobia Guaranty is attached hereto as **Exhibit F**.

23.     Both Personal Guarantees state in pertinent part:

[T]he undersigned hereby <u>absolutely and unconditionally</u> guarantees to ESF the full and prompt performance and compliance, including but not limited to payment, with all liabilities and obligations of [Valiant Law Group][.]

[…]

This is a continuing guaranty of performance and complaint, including but not limited to payment, and shall remain in full force and effect and be binding upon the undersigned and its successors and assigns and shall inure to the benefit of ESF, its enforcees, successors, representative and assigns.

(*See* Exhs. E & F) (emphasis in original)

5

24.    Defendant Gallant then did business with ESF in accordance with the terms of their MMA by selling RISCs—allowing their customers (legal clients) to make partial payments toward legal fees, while Gallant was made whole using ESF's financial backing.

25.    After executing the 2022 MMA and the Personal Guaranty agreements, Valiant formally filed Articles of Amendment changing the firm's name to Gallant Law Group.  (*See* Exh. A).

26.    A few months later, Defendants Glanzberg and Tobia formed Center Pointe Law, P.C. ("Center Pointe").  Upon information and belief, Defendants Glanzberg and Tobia formed Center Pointe to do the same work done by Defendant Gallant, formerly known as Valiant, and under the same leadership and at the same place of business on South Broad Street in Philadelphia.

27.    On March 6, 2023, Center Pointe entered into its own MMA with ESF.  A true and correct copy of the 2023 MMA is attached hereto as **Exhibit G**.

28.    Defendant Glanzberg signed the 2023 on behalf of Center Pointe as its President.  (*Id.*).

29.    In connection with the 2023 MMA, Defendants Glanzberg and Tobia again entered into Personal Guaranty agreements.  A true and correct copy of the 2023 Glanzberg Guaranty is attached hereto as **Exhibit H**.  A true and correct copy of the 2023 Tobia Guaranty is attached hereto as **Exhibit I**.

30.    The next day, Center Pointe assumed "without limitation, all of Gallant, David Glanzberg and Robert Tobia's collective liabilities and obligations owed to [ESF] and rights, if any owed by [ESF]" by means of an Assignment and Assumption Agreement.  A true and correct copy of the Assignment and Assumption Agreement (the "Assignment Agreement") is attached hereto as **Exhibit J**.

31.    Upon execution of the Assignment Agreement, Defendants Center Pointe, Glanzberg, and Tobia jointly and severally agreed to "satisfy any and all liabilities" of Gallant, Glanzberg, and Tobia due to ESF "which accrue before, during, or after the date of this Agreement."  (*Id.* at ¶2).

32.    The Assignment Agreement was executed with the direct intent of "binding upon…the parties hereto and their respective successors and permitted assigns." (*Id.* at ¶3).

33.    ESF continued to do business with Center Pointe in the same manner as it had done with Gallant.

34.    Both the 2022 and 2023 MMAs guaranteed by Defendants Glanzberg and Tobia are "full-recourse" agreements, meaning that if "a Customer fails to make any payment on a Customer Obligation for any reason," or "in the event there is a default of any kind on such Customer Obligation" Gallant and Center Pointe assumed liability for their Customer's outstanding balances due and owing to ESF.  (*See* Exhs. D & G at Sections 1(e) & 4(a)).

35.    Defendants Gallant and Center Pointe currently have total outstanding accounts receivables balances of $667,135.36 as of the date of this filing.  A true and correct copy of a summary comprising the total outstanding and claimed herein is attached hereto as **Exhibit K**.

36.    ESF's most recent demand for payment was on October 6, 2025.  A true and correct copy of said exchange is attached hereto as **Exhibit L**.

37.    Due to the Defendants' default and failure to pay amounts due and owing to ESF under the terms of their agreements, ESF brings these claims to collect upon the credit account obligation against both the corporate entities (Defendants Gallant and Center Pointe) as well as Defendants Glanzberg and Tobia in their individual capacities pursuant to their Personal Guaranty obligations.

38.    ESF will incur attorney's fees, costs, and expenses related to the pursuit of these payments. These amounts are recoverable pursuant to the terms of the MMAs (*See* Exhs. D & G at ¶ 4(b)) and the Personal Guaranty Agreements (*See* Exhs. E, F, H & I at ¶ 6).

## COUNT I
## Breach of Contract
### (2022 MMA)
*ESF v. Defendant Gallant and Defendants Center Pointe, Glanzberg, & Tobia, by virtue of assignment*

39.    ESF incorporates Paragraphs 1 through 38 herein by reference as though the same were set forth at length below.

40.    The 2022 MMA is a valid and enforceable contract between ESF and Gallant.

41.    Per the terms of the 2022 MMA, Gallant must repurchase from ESF "any Customer Obligation assigned to ESF pursuant to this Agreement as to which any one or more of the following circumstances exist: (1) In the event a Customer fails to make any payment on a Customer Obligation for any reason; or […] (5) As to any Customer Obligation which [Gallant] has endorsed and assigned to ESF with full recourse, in the event there is a default of any kind on such Customer Obligation." (*See* Exh. D at Section 4(a)).

42.    The 2022 MMA also states that "[i]n any case of repurchase under this Section, [Gallant] will pay to ESF an amount equal to the balance owed by Customer to ESF under the Customer Obligation, together with costs, attorney fees and any other sums incurred by ESF in connection with the Customer Obligation and/or due from [Gallant] under this Agreement[.]" (*See id.* at Section 4(b)).

43.    Gallant is required under the terms of the 2022 MMA to pay the above-described amount (the "Repurchase Price") within ten days after ESF's demand for repurchase. (*See id.* at Section 4(c)). If ten days pass without payment in full, the unpaid amount shall accrue interest at 18% per year. (*Id.*)

44.    ESF's most recent demand for payment was on October 6, 2025. (*See* Exh. L).

45.    As of the date of this filing, more than ten days have passed since ESF's demand for repurchase, yet neither Gallant nor the Personal Guarantors have paid any amount of the Repurchase Price to ESF.

46.     Gallant breached the 2022 MMA by failing to fulfill its contractual obligation to pay the Repurchase Price to ESF within ten days of ESF's demand.

47.     Gallant's breach of the 2022 MMA is the direct and proximate cause of harm incurred by ESF.

48.     By way of the 2023 Assignment Agreement, Defendants Center Pointe, Glanzberg, and Tobia "accept[ed], jointly and severally and without limitation, this assignment and transfer of all liabilities, obligations, and rights due to and/or from [ESF] and [] agree[d] to assume and satisfy any and all liabilities of Gallant[] due to [ESF] which accrue before, during, or after the date of this Agreement." (Exh. J at ¶2).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting judgment in its favor and against Defendants Gallant, Center Pointe, Glanzberg, and Tobia, jointly and severally, in an amount to be proven at trial no less than $667,135.36 plus interest, court costs, punitive damages, and any and all other forms of relief this Court may deem appropriate under the circumstances.

<u>**COUNT II**</u>
<u>**Breach of Contract**</u>
**(2022 Personal Guaranty)**
*ESF v. Defendant Glanzberg*

49.     ESF incorporates Paragraphs 1 through 48 herein by reference as though the same were set forth at length below.

50.     Pursuant to the Guaranty Agreement executed by Glanzberg on August 16, 2022, Glanzberg is individually obligated to ensure "the full and prompt performance and compliance, including but not limited to payment" of Defendant Gallant's liabilities and obligations to ESF.  (*See* Exh. E).

51.     This Personal Guaranty entitles ESF to recover from Defendant Glanzberg its attorney's fees and costs associated with collecting upon the amount outstanding, due and in default.  (*Id.* at ¶6).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting judgment in

its favor and against Defendant Glanzberg in an amount to be proven at trial no less than $667,135.36 plus interest, court costs, punitive damages, and any and all other forms of relief this Court may deem appropriate under the circumstances.

**COUNT III**
**Breach of Contract**
**(2022 Personal Guaranty)**
*ESF v. Defendant Tobia*

52.     ESF incorporates Paragraphs 1 through 51 herein by reference as though the same were set forth at length below.

53.     Pursuant to the Guaranty Agreement executed by Tobia on August 16, 2022, Tobia is individually obligated to ensure "the full and prompt performance and compliance, including but not limited to payment" of Defendant Gallant's liabilities and obligations to ESF.  (*See* Exh. F).

54.     This Personal Guaranty entitles ESF to recover from Defendant Tobia its attorney's fees and costs associated with collecting upon the amount outstanding, due and in default.  (*Id*. at ¶6).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting judgment in its favor and against Defendant Tobia in an amount to be proven at trial no less than $667,135.36 plus interest, court costs, punitive damages, and any and all other forms of relief this Court may deem appropriate under the circumstances.

**COUNT IV**
**Breach of Contract**
**(2023 MMA)**
*ESF v. Defendant Center Pointe*

55.     ESF incorporates Paragraphs 1 through 54 herein by reference as though the same were set forth at length below.

56.     The 2023 MMA constitutes a valid and enforceable contract between ESF and Center Pointe.

10

57.    Per the terms of the 2023 MMA, Center Point must repurchase from ESF "any Customer Obligation assigned to ESF pursuant to this Agreement as to which any one or more of the following circumstances exist: (1) In the event a Customer fails to make any payment on a Customer Obligation for any reason; or […] (5) As to any Customer Obligation which [Center Pointe] has endorsed and assigned to ESF with full recourse, in the event there is a default of any kind on such Customer Obligation." (*See* Exh. G at Section 4(a)).

58.    The 2023 MMA continues to state that "[i]n any case of repurchase under this Section, [Center Pointe] will pay to ESF an amount equal to the balance owed by Customer to ESF under the Customer Obligation, together with costs, attorney fees and any other sums incurred by ESF in connection with the Customer Obligation and/or due from [Center Pointe] under this Agreement[.]" (*See id.* at Section 4(b)).

59.    Center Pointe is required under the terms of the 2023 MMA to pay the above-described amount (the "Repurchase Price") within ten days after ESF's demand for repurchase. (*See id.* at Section 4(c)).  If ten days pass without payment in full, the unpaid amount shall accrue interest at 18% per year. (*Id.*)

60.    ESF's most recent demand for repurchase was October 6, 2025. (*See* Exh. L).

61.    As of the date of this filing, more than ten days have passed since ESF's most recent demand for repurchase, yet Center Pointe has not paid any amount of the Repurchase Price to ESF.

62.    Center Pointe breached the 2023 MMA by failing to fulfil its contractual obligation to pay the Repurchase Price to ESF within ten days of ESF's demand.

63.    Center Pointe's breach of the 2023 MMA is the direct and proximate cause of harm incurred by ESF.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting judgment in

11

its favor and against Defendant Center Pointe in an amount to be proven at trial no less than $667,135.36 plus interest, court costs, punitive damages, and any and all other forms of relief this Court may deem appropriate under the circumstances.

**COUNT V**
**Breach of Contract**
**(2023 Personal Guaranty)**
*ESF v. Defendant Glanzberg*

64.    ESF incorporates Paragraphs 1 through 63 herein by reference as though the same were set forth at length below.

65.    Pursuant to the Guaranty Agreement executed by Glanzberg on March 6, 2023, Glanzberg is individually obligated to ensure "the full and prompt performance and complaince, including but not limited to payment" of Center Pointe's liabilities and obligations to ESF.  (*See* Exh. H).

66.    This Personal Guaranty entitles ESF to recover from Defendant Glanzberg its attorney's fees and costs associated with collecting upon the amount outstanding, due and in default.  (*Id.* at ¶6).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting judgment in its favor and against Defendant Glanzberg in an amount to be proven at trial no less than $667,135.36 plus interest, court costs, punitive damages, and any and all other forms of relief this Court may deem appropriate under the circumstances.

**COUNT VI**
**Breach of Contract**
**(2023 Personal Guaranty)**
*ESF v. Defendant Tobia*

67.    ESF incorporates Paragraphs 1 through 66 herein by reference as though the same were set forth at length below.

12

68.    Pursuant to the Guaranty Agreement executed by Tobia on March 6, 2023, Tobia is individually obligated to ensure "the full and prompt performance and compliance, including but not limited to payment" of Center Pointe's liabilities and obligations to ESF.  (*See* Exh. I).

69.    This Personal Guaranty entitles ESF to recover from Defendant Tobia its attorney's fees and costs associated with collecting upon the amount outstanding, due and in default.  (*Id*. at ¶6).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting judgment in its favor and against Defendant Tobia in an amount to be proven at trial no less than $667,135.36 plus interest, court costs, punitive damages, and any and all other forms of relief this Court may deem appropriate under the circumstances.

## COUNT VII
## Unjust Enrichment
*ESF v. Gallant, Center Pointe, Glanzberg, and Tobia*

70.    ESF incorporates Paragraphs 1 through 69 herein by reference as though the same were set forth at length below.

71.    The Defendants received the benefit of ESF's financial backing for the legal work performed at the benefit of the Defendants' Customers who defaulted on their payment obligations to ESF.

72.    ESF has conferred a substantial benefit upon the Defendants in the form of significant payments made by ESF to the Defendants to front the money the Defendants would have otherwise been forced to collect from their own Customers directly.

73.    Defendants appreciated the substantial benefit conferred upon them by ESF by retaining said funds in its accounts or spending the funds at their discretion.

74.    If, and to the extent the MMA Agreements between Defendants and ESF are invalid and unenforceable, it would be inequitable for Defendants to retain any ESF funds it received.

13

75.     Defendants are wrongfully and without legal justification in possession of funds that are now due to ESF due to the defaults of Defendants' Customers.

76.     Thus, Defendants have wrongfully secured and/or passively received a benefit that it would be unconscionable to retain.

77.     As a result, ESF has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting judgment in its favor and against Defendants Gallant, Center Pointe, Glanzberg, and Tobia in an amount to be proven at trial no less than $667,135.36 plus interest, court costs, punitive damages, and any and all other forms of relief this Court may deem appropriate under the circumstances.

**COUNT VIII**
**Conversion**
*ESF v. Gallant, Center Pointe, Glanzberg, and Tobia*

78.     ESF incorporates Paragraphs 1 through 78 herein by reference as though the same were set forth at length below.

79.     ESF issued a written demand for the return of its funds wrongfully in Defendants' possession on October 6, 2025.  (*See* Exh. L).

80.     By withholding ESF's funds, Defendants are wrongfully depriving ESF of its property without its consent and without lawful justification.

81.     ESF's money that was loaned to the Defendants remains in the Defendants' unlawful possession and control.

82.     ESF has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting judgment in its favor and against Defendants Gallant, Center Pointe, Glanzberg, and Tobia in an amount to be proven at

trial no less than $667,135.36 plus interest, court costs, punitive damages, and any and all other forms of relief this Court may deem appropriate under the circumstances.

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

Dated: March 5, 2026

By: */s/ John J. Richardson*
John J. Richardson, Esquire
PA I.D. No. 86045
Mary A. Shahverdian, Esquire
PA I.D. No. 329048
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
P. 412-456-8100
F. 412-456-8135
jrichardson@bernsteinlaw.com
mshahverdian@bernsteinlaw.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certify that on the 5th day of March, 2026, a true and correct copy of the foregoing COMPLAINT was electronically filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing upon all counsel of record by electronic means through the Court's CM/ECF system.

By: *<u>/s/ John J. Richardson</u>*
John J. Richardson, Esquire
PA I.D. No. 86045